UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AARON EUGENE NEWSOME,

    Plaintiff,

vs.

CENTURION OF FLORIDA, LLC,
a Florida limited liability company,
JASON BRENES-CATINCHI, M.D.,
BOBBIE L. CANNON, and
VERONICA L BAKER,

    Defendants.

CASE NO.: 6:18-cv-02178-RBD-GJK

### SECOND AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF AARON EUGENE NEWSOME, (hereinafter "Plaintiff," or "NEWSOME"), by and through undersigned counsel, files this Second Amended Verified Complaint and Demand for Jury Trial against DEFENDANT, CENTURION OF FLORIDA, LLC., a Florida limited liability company, (hereinafter "CENTURION"), and alleges:

### INTRODUCTION

1. This is an action for compensatory and punitive damages alleging that the Defendants, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference to the recognized rights of the Plaintiff AARON EUGENE NEWSOME while he was incarcerated at Central Florida Reception Center.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution and Laws of the United States.

3. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(A)(3), in that this action seeks to redress the deprivation, under color of state law, of rights secured to NEWSOME by the Eighth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff's claims for relief are predicated on 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the Constitution and Laws of the United States and by 42 U.S.C. § 1988, which authorizes the award of attorney fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

5. Plaintiff has fully exhausted his administrative remedies.

## PARTIES

6. Plaintiff, AARON EUGENE NEWSOME (hereinafter "NEWSOME"), at all times material to this action was a resident of Orange County, Florida, incarcerated at Central Florida Reception Center (hereinafter "CFRC").

7. The Defendant is CENTURION OF FLORIDA, LLC, a Florida limited liability company, whose principal address is 7700 Forsythe Blvd., St. Louis, MO 63105, and is the health-care provider for inmates through its contract with the Florida Department of Corrections.

2

8. At all times material to this action Defendant were acting under color of state law.

## STATEMENT OF FACTS

9. CENTURION is a healthcare provider who contracted with the State of Florida Department of Corrections to provide heath care to inmates under the care custody and control of the Florida Department of Corrections. CENTURION's utilization management office in Tallahassee has a custom or practice of permitting delays which results in constitutional violation because the policy is evidence of deliberate indifference to a glaucoma patient's need for treatment to reduce eye pressure in a timely manner and is a longstanding and widespread practice. All decision makers in the chain of command were aware of NEWSOME's need for timely medical care to avoid loss of his vision and yet showed deliberate indifference to it by constantly delaying his visits to the outside consult at Magruder Eye Clinic.

10. CENTURION has a duty as well as an ethical responsibility to develop, implement, and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by the appropriate medical specialist when recommended by that specialist. CENTURION was deficient in the develop of its policies or had a deliberate policy of not providing healthcare to inmates even though it is aware of the serious medical need when the provision of healthcare services would be an additional expense which would lessen its profit under the contract with the state of Florida. NEWSOME is alleging that

3

CENTURION has a policy of denying healthcare to glaucoma patients because of the expense which has resulted in loss of vision for at least three (3) inmates: Scotty Diaz, Aaron Newsome and Herman Hall.

11.  Defendant CENTURION replaced Corizon as the Florida Department of Corrections healthcare provider in May of 2016. May 17, 2016, NEWSOME was transferred to C.F. R. C. May 23, 2016, NEWSOME was taken to Magruders, but Magruders cancelled the appointment and requested NEWSOME return May 13, 2016, the following Monday. NEWSOME was not returned on the ordered date.

12.  On May 24, 2016, NEWSOME complained verbally to CFRC Warden Morgan, about Medical Staging not returning him to Magruders May 23, 2016, as ordered by Dr. Beneke. On May 25, 2016, NEWSOME sent an Inmate Request to Bobbie L. Cannon, Medical Staging, seeking as to why he had not been returned to Magruders May 23, 2016.

13.  On June 2, 2016, Dr. Whitaker, CFRC mental-health counselor, stated Bobbie L. Cannon, C.F. R.C. Medical Staging, told him that NEWSOME had already seen Dr. Beneke on May 19, 2016. This was an error. The May 19, 2016, appointment had been cancelled by Magruder. See ¶ 21, above. Dr. Whitaker stated the computer does not show NEWSOME was seen at Magruder's May 19, 2016, nor of any upcoming appointments scheduled.

14. On June 16, 2016, Dr. Whitaker, CFRC Mental health stated he will send e-mails to the Chief Health Officer [CHO] and Assistant Warden Colon CFRC, June 23, 2016, Dr. Whitaker confirmed the emails were sent.

15. On June 27, 2016, NEWSOME received the SLT on his right eye previously ordered by Dr. Beneke December 23, 2015, a seven-months delay in receiving treatment. Dr. Beneke ordered NEWSOME be returned in two weeks for SLT on left eye and NEWSOME signed a consult consent with Dr. Brenes-Catinchi, M.D., Medical Director, CFRC on this date.

16. On July 10, 2016, NEWSOME submitted a sick-call form for medication renewal and during the visit NEWSOME complained of not being taken to Magruders. The nurse, whose name is unknown, stated NEWSOME would have to sign a waiver because he didn't have an appointment for Magruders and to write Nurse Erhart. As advised, July 11, 2016, NEWSOME sent an Inmate Request to Nurse Erhart. July 15, 2016 NEWSOME signed a Limited Waiver asking the sick-call nurse to write in the space explaining reason for waiver that NEWSOME is stipulating the waiver is only temporary until completion of formal grievance process alleging Medical Staging not timely scheduling approval of appointments for Magruders. NEWSOME was then transferred to Columbia Correctional Institute on July 21, 2016.

5

17.     On August 2, 2016, NEWSOME filed grievance Log # <u>1608-201-020</u> complaining Medical Staging was not scheduling him for Magruders as ordered by Dr. Beneke. NEWSOME appealed to Central Office August 21, 2016, Log # <u>16-6-38896</u>.

18.     NEWSOME also pointed out the consult he signed on October 10, 2015, at Northwest Florida Reception Center (NWFRC). This consult was not honored as NEWSOME was not taken to Magruders.

19.     On November 16, 2016, NEWSOME was transferred to Okeechobee C.I. where Defendant CENTURION of Florida, LLC, was the medical provider. November 22, 2016, NEWSOME submitted an Inmate Request to the Grievance Coordinator inquiring as to the disposition of grievance appeal Log # <u>1608*-201-020</u>. December 1, 2016, the coordinator responded, "Please provide Central Office ample time to respond."

20.     On February 1, 2017 at Okeechobee C. I. NEWSOME signed a consent for consult form to be seen by an optometrist while at sick call after verbally complaining of not being timely scheduled for consults at Magruders. NEWSOME was advised that it is CENTURION's protocol to have inmates first seen by an Optometrist, even though NEWSOME pointed out dates where the Ophthalmologist had mandated treatments for his glaucoma and cataracts that he had not been take to and NEWSOME pointed out the consult he signed October 10, 2016, at N.W.F.R.C. with Nurse Vandermark for his return to Magruders.

6

21. On March 3, 2017, NEWSOME sent an inmate request to Ms. K. Purvis, NSAA, consult coordinator at Okeechobee C.I., seeking information on his consult with ophthalmologist. On March 21, 2017, Ms. Gunvaldsen HSA, responded that NEWSOME has been scheduled for optometry.

22. On March 31, 2017, NEWSOME was examined by Optometrist Robert Lofton. The Optometrist noted NEWSOME is legally blind in both eyes with IOPs of 48 in his right eye and 28 in his left and ordered NEWSOME be immediately seen by an Ophthalmologist for SLT to reduce IOP and pain in both eyes.

23. After transfer to Mayo C.I., NEWSOME had to sign yet another consent for consult for Magruders on August 4, 2017, since the consult signed October 10, 2016, at NWFRC was not honored by the defendants. This was five (5) months after Optometrist Robert Lufton ordered NEWSOME have an SLT performed by an Ophthalmologist (see ¶ 32), and fourteen (14) months after June 27, 2016, that NEWSOME was ordered to return in two (2) weeks by Dr. John Beneke, Ophthalmologist at Magruders (See ¶ 25).

24. On September 28, 2017, at chronic clinic for glaucoma and cataracts, Dr. Ramos, M.D., Site Medical Director at Mayo C.I. informed NEWSOME his ophthalmologist consult was not approved. October 13, 2017 NEWSOME filed grievance Log #<u>1710-223-070</u> arguing his consult to Magruders was not yet approved, resulting in a permanent damage to NEWSOME's optic nerves resulting from deliberate indifference to serious medical needs by FDC and medical provider.

7

25. On November 1, 2017, C. Underhill, ARNP and Ms. Anita Hill, Assistant Warden, Mayo C.I. responded to grievance Log #1710-223-070, stating, Your ophthalmology consult was submitted to the appropriate authorities and approved November 8, 2017 and denied the grievance.

26. On November 7, 2017, NEWSOME appealed to Central Office the response to Log #1710-223-070 arguing the response to it did not specifically address all the arguments merits. See Appeal Log# 17-6-45598. This grievance was completely exhausted when the appeal was signed by the Warden on April 4, 2018.

27. On February 1, 2018, NEWSOME filed grievance Log #1802-251-003 at Columbia C.I. Annex arguing NEWSOME had not been taken for approved consults to Magruders as mandated by a physician of ophthalmology [Dr. Beneke, Magruders] for NEWSOME's glaucoma and cataracts and NEWSOME is now totally blind in his right eye resulting from medical and FDC's failure to act to serious needs of SLT for his glaucoma and cataracts they knew of by NEWSOME's medical file and all grievance he filed and that FDC and medical has shown deliberate indifference under color of state law knowing possibility of blindness due to optic-nerve damage from IOP without SLT.

28. On January 30, 2018, NEWSOME filed Formal grievance Log # 1802-251-003 complaining, inter alia, that he is now totally blind in his right eye as a result of not being taken to ophthalmologist as mandated for glaucoma and cataracts and asserted

8

deliberate indifference and that FDC and its medical providers knew of the particular risk of harm he faced of blindness but failed to act.

29.  On February 12, 2018, E. Jean Baptiste, MD, Site Medical Director, Columbia C.I. Annex and John Godwin, Warden, Columbia C.I., responded that Review of Your records indicates that you have a scheduled appointment with the Ophthalmologist and plaintiff appealed to central office 2-19-2018, but it was not issued a Log # until 2-23-2018, Log #18-6-08425.

30.  When no response was received to appeal #18-6-08425 within the FDC Chapter 33-103, F.A.C. time frame, NEWSOME sent legal correspondence to the Bureau of Inmate Appeals 4-1-18 notifying that office that no response has been received and further, sought copies of grievance Log(s) #1501-320-051 and #1511-223-149 stating he needed them for his exhaustion compliance with PLRA. April 5, 2018, Bureau of Inmate Appeals Correctional Services Administrator S. Milliken responded that "Appeal #18-6-08425 is still under review by the Office of Health Services. A delay in both responses is noted."

31.  On April 25, 2018, NEWSOME filed a formal grievance complaining that appeal Log #18-6-08425 has not been responded to as acknowledged by S. Milliken, Correctional Services Administrator and the delay is intended to prejudice NEWSOME's rights and is done with unclean hands. Grievance Log# 1804-201-151.

9

32. On May 8, 2018, NEWSOME received a response denying Grievance Log# 1804-201-151 on grounds that he had not complied with Chapter 33-103 by not first filing an informal grievance or not receiving a response withing the time frame. The Response also stated, "You are advised however Health Services, Central Office was contacted and advised Your appeal is still currently under review." Plaintiff immediately filed informal grievance on not receiving response which has not been responded to, on May 13, 2018. At CFRC, NEWSOME sent a request to the grievance coordinator seeking information on May 29, 2018.

33. On February 22, 2018, Plaintiff was taken to RMC, Lake Butler and seen first by Optometrist Dr. Roberts then by Dr. Hasty an Ophthalmologist who noted NEWSOME is irreversibly blind in his right eye, has IOP's of 28 in left eye and 51 in right eye and recommended SLT to receive IOP and stated it must be done by outside consult. On February 26, 2018, NEWSOME signed two consult consents with Nurse Fornes at Columbia C.I. Annex.

34. On May 18, 2018, Plaintiff was transferred to CFRC and May 22, 2018, was seen by Dr. John Beneke, Magruders, who noted that NEWSOME is irreparably blind in his right eye irreparable and recommended SLT on both eyes to relieve IOPs of 23 in left eye and 48 in right eye. [This SLT is a delay of 23 months since June 27, 2016.]

35. On June 14, 2018, Assistant Warden at CFRC responded to grievance Log #1806-320-007, stating "Appeal #18-6-08425 was received on 2/23/2018 and responded to

on 5/21/2018. Per Chapter 33-103.011, Grievance Appeals and Direct Grievances to the Office of the Secretary–shall be responded to within 30 calendar days from the date of receipt of the grievance.' Based upon the above information, your grievance is Approved." This ends the exhaustion of Log# <u>18-6-08425</u> and Log #<u>1806-320-007</u> and <u>201-18-5-0186</u> on non-compliance to respond to grievances Logs#<u>1802-251-003</u> Appeal to central office in a timely manner per Chapter 33-103.011, F.A.C.

## CAUSES OF ACTION
### COUNT I – 42 U.S.C. § 1983 Claim Against Centurion of Florida, LLC

36. NEWSOME hereby incorporates by reference the allegations contained in paragraphs 9 through 35 above, as if set forth in full herein.

37. CENTURION OF FLORIDA, LLC had a duty as well as an ethical responsibility to develop, implement and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by the appropriate medical specialist when recommended by that specialist. CENTURION exercised deliberate indifference to NEWSOME's Eighth Amendment right to adequate healthcare for his serious medical needs by specifically developing and adopting policies and procedures with the intent to protect the financial interests of CENTURION over the medical needs of the Inmate, such as NEWSOME; medical needs which have been entrusted to them by their contractual arrangement with the Florida Department of Corrections. CENTURION has failed to develop and implement appropriate policies and procedures in addressing the needs patients like NEWSOME who have been diagnosed with a serious medical condition – glaucoma –

and proscribed prompt treatment by a Board Certified Glaucoma Specialist. On numerous occasions medical staff and FDOC filed to adhere to the Specialist's orders for prompt SLT treatment(s)and cataracts due to their deliberate indifference which has resulted in NEWSOME's total loss of vision in his right eye and loss of peripheral vision in his left eye with the possibility of total blindness in his left eye, too, due to high Intra-Ocular Pressure (IOP) which presents a major risk factor in glaucomatous filed loss from permanent optic nerve damage and blindness when prompt mandated treatments by a Board Certified Glaucoma Specialist for SLT are not followed by Defendants of a known medical need.

38. This violates NEWSOME's rights, under the Eighth and Fourteenth Amendments to the United States Constitution, to receive medical treatment that has been evaluated and diagnosed with having "Primary Open-Angle Glaucoma, Severe Stage," in both eyes by a Board Certified Glaucoma Specialist [Dr. Beneke, Ophthalmic Surgeon, Magruders], who was willing and able to treat NEWSOME in a timely proscribed manner and prevent NEWSOME from suffering and ultimately losing total vision like he has.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF AARON EUGENE NEWSOME, respectfully prays this Honorable Court for entry of judgment awarding him the following relief:

A. A declaration that the acts and omissions of the defendants described herein violated NEWSOME's Eighth Amendment protection from cruel and unusual punishment through the exercise of deliberate indifference.

B. Compensatory damages against Defendant CENTURION.

C. Compensatory damages against each named Defendant in their individual capacities.

D. Punitive damages against Defendant CENTURION.

E. Recovery of all fees and costs of this action.

F. Any further relief this Court deems just, proper and equitable.

Plaintiff respectfully demands a jury trial on all issues so triable.

## VERIFICATION

I affirm under penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information, and belief.

*[signature]*

AARON EUGENE NEWSOME,
DC #413770

Respectfully submitted,

*[signature]*

GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
AARON EUGENE NEWSOME
DC#413770

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2019, the foregoing Second Amended Complaint and Demand for Jury Trial was electronically filed with the Court using the CM/ECF system which will send notification of each filing to Ana C. Françolin Dolney, Attorney for Defendant Centurion of Florida, LLC, and that there is no non CM/ECF participant.

/s Gary Lee Printy
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY, ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Ste. 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299 | FAX: (850) 877-2211

Attorney for Plaintiff,
AARON EUGENE NEWSOME